Yes good morning your honor. This is Kevin Jang for appellant. Okay let's get the other side here too. Okay all right we can have appellant go forward. Oh yeah yes your honor. So this is uh there are actually two appeal for this case. One is discovery sinking appeal under appeal number 1955533 and the other one is appeal for motion for summary judgment. It's 19-55475. So if I go briefly about each case it's uh this is about my father's case. My father passed away about almost five years ago and discovery sanction appeal is the magistrate judge abused its discretion in denying by plaintiff's motion to compel solely relying on the defendant's allegation that they are not related to the main defendant. And the judge basically quasi made the summary judgment prevented from plaintiff to go for to get more information through discovery process. So that's why we are saying magistrate judge abused its discretion or so second issue. I'm sorry did you on that issue did you file timely objections with the district judge with regard to that magistrate judge's order? No your honor that's why I filed appeal for this case and I think if this is a little different with what I could do at the time of the trial case going on. So that's why I didn't file objection at the time that's why I filed appeal after. And the second issue is the magistrate judge imposed sanction but there was no opportunity to be heard. It was going through submission so that's why we are saying though the federal rule 37a 5b there has to be hearing but there was no hearing for this matter. So that's why it has to be reversed or remanded. And then on another appeal that I talked about is a motion for summary judgment appeal and the court erred in reaching the conclusion that insurer my father actually had received the cancer treatment in South Korea under different person's identity. They made the conclusion that my father actually received cancer treatment in South Korea from person even though there is South Korea medical record that clearly shows different person's name, birthdate, social security number. And then also there are other declaration by my brother and me we are only family member even the person who actually have the names in South Korea medical record saying that it was not my father received cancer treatment but court didn't consider that. And then also court didn't consider my brother's medical record that he received treatment for past two years because of this issue. And the court found out that there is no admissible evidence offered by plaintiff at all so there is no disputable material fact and about the my father received the cancer treatment in South Korea or not and denied plaintiff's motion for summary judgment granted a defendant's motion for summary judgment. And so that's why we believe the court clearly made error by sustaining these evidences declaration of Daniel Jang and me and sustaining any consideration any evidence about the South Korea medical record even the person whose names appear on South Korea medical records either two. That's why we are saying that the court has to have had to consider these records and then have to find there is some sort of a genuine dispute as to material fact relating to plaintiff's complaint plaintiff's claims but court failed to do so. Also regarding other court defendants and court didn't even consider it because main defendant was the there is no evidence in court already made a founding that the insurer actually received the medical treatment in South Korea under different person's name but there is no any there is no supporting supporting evidence that supports that my father actually received medical treatment under a different person but there is contrary evidence that shows it's not my father who received the cancer treatment in South Korea. So that's why we are asking the court to consider it and then reverse or at least remand so we can find it out at the time of trial. That's that's pretty much it your honor. We'll hear from the from the opposing counsel. Thank you your honors may it please the court Ruben Ginsberg for Sagicore Life Affiliates. The insurance application submitted by Ryan Jang in March 2015 stated that he had not been diagnosed with cancer in the past 24 months and that he had not seen a medical professional for cancer in the past 10 years. When he unfortunately passed away less than two years later during the contestability period Sagicore Life Insurance Company investigated and he had a history of cancer. Medical records from Loma Linda University included statements by the insured and his son plaintiff indicating that the insured was diagnosed with cancer and treated for cancer in February 2015 prior to submitting his insurance application. The appeal is from summary judgments. The district court sustained objections to some of the evidence presented by plaintiff and concluded that the remaining evidence failed to create a genuine factual dispute. Both rulings were correct. The court sustained objections based on lack of personal knowledge. The standard of review is abuse of discretion. Declarations by plaintiff and his son, Kevin Jang, showed that the declarants had personal knowledge of the stated facts. Both plaintiff and Kevin Jang declared that the insured's first cancer diagnosis was at Loma Linda Hospital. But the declaration set forth no facts showing that they had personal knowledge of the insured's medical history. Essentially, they made those declarations as if they were the insured themselves having all the knowledge that he had, but they set forth no facts showing that they had personal knowledge of his medical history. Plaintiff and Kevin Jang also declared that the insured never discussed with the hospital staff at Loma Linda South Korean medical records under another person's name, contrary to the notes of the doctors. They never set forth any facts showing that they had personal knowledge of those conversations. They never declared that they were present with the insured at all times that he was hospitalized in Loma Linda, and they never set forth any facts showing that they would have knowledge of conversations that took place when they were not present. Plaintiff and Kevin Jang also declared that the insured had no relationship with Do Young Kim. That's the name on the South Korean medical records. But they stated no facts showing that they had personal knowledge of that. Plaintiff's argument that the court acted sui sponte in sustaining the evidentiary objections is mistaken. The defendants filed evidentiary objections prior to the hearing. Those are found in the record, the supplemental excerpts, pages 286 and 328. The court properly sustained the objections. There was no abuse of evidence. Apart from the merits of the ruling on evidentiary objections, when the defendants filed evidentiary objections, it was the plaintiff's burden to respond showing why the evidence was admissible. Plaintiff never attempted to do that. He therefore invited any error. The court granted summary judgment because there was no genuine dispute that the insured was diagnosed with cancer and treated for cancer in South Korea prior to submitting his insurance application. There's no dispute that he misrepresented his medical history when he denied having a history of cancer. There's ample evidence in the evidence, there's ample evidence in the Loma Linda medical records that the insured was diagnosed with cancer and treated for cancer in South Korea prior to submitting his insurance application. Numerous doctors on numerous occasions noted that the insured and Daniel Jang reported that the insured had collapsed in South Korea and was taken to a local hospital where he was diagnosed with cancer and received chemotherapy. Plaintiff did not object to this evidence and the evidence is admissible. We explain on page 47 of the answering brief, the hearsay exceptions that apply and some of the evidence is non-hearsay. The South Korean medical records provide additional evidence of the prior cancer diagnosis and treatment, but those records are not essential because the statements by the insured and plaintiff are themselves evidence that the insured have the prior diagnosis and treatment. Regarding the South Korean medical records, a nurse from Loma Linda testified in deposition that she translated a conversation between the insured and two Loma Linda doctors in which the insured stated that he had been tested in South Korea under another person's name. He agreed to assist in that the records would be in another person's name, but they were in fact his records. The doctors from Loma Linda also recorded in their notes that plaintiff had agreed to provide the information needed to obtain the records from South Korea. They also noted later that plaintiff had provided that information. And in the record, in the Loma Linda medical records, there's a handwritten sheet of paper with plaintiff's name, Daniel Jang, and information, including the name, Doyoung Kim, the name and location of a hospital in South Korea, and the name and phone number of a doctor. Plaintiff contends there's a genuine factual dispute because the South Korean declared that the records belong to him, that he had no relationship with the insured, and that he never allowed anyone to use his insurance. First, any factual dispute relating to the South Korean medical records is immaterial because it doesn't affect the evidence that the insured and plaintiff both acknowledged that the insured had been diagnosed with cancer and treated for cancer prior to submitting his insurance application. In any event, there's no factual dispute with respect to the South Korean medical records. The name discrepancy does not create a genuine factual dispute because it's entirely consistent with what the insured and plaintiff repeatedly told the Loma Linda doctors, that the insured was treated in South Korea under another person's name for insurance purposes. So the fact that those records are under another person's name does not create any kind of dispute. The Kim declaration does not create a genuine factual dispute. Mr. Kim declared that the South Korean medical records produced in discovery in this action were his. His declaration is conclusory. It doesn't attach to the medical records. He doesn't say that he's seen the medical records. He doesn't name this action. It's a vague and conclusory statement with no detailed facts. It cannot create a genuine factual dispute. Mr. Kim also declared that he had no relationship with the insured. He did not name the insured. He did not declare that he knew who the insured was. He only stated that conclusion. Again, it's a vague and conclusory statement with no detailed facts. Mr. Kim declared that he never allowed anyone to use his insurance. That's not inconsistent with the statements by the insured and plaintiff that the insured had collapsed, was taken to the hospital, and was treated using another person's name and insurance. They never said that he had, that the insured asked someone to use his name. Only that he used someone's name. And in any event, whether he asked, whether Mr. Kim gave permission or not, is immaterial. Can I, can I just ask you a question right there? Yes. Was there any evidence that Mr. Mr. Kang had insurance in Korea that was available to him in Korea? No. The record doesn't show whether, Mr. Kim, you're speaking of the name on the records as opposed to the insured? No, technically the insured did this evening. I'm not aware of any evidence in the record, whether the decedent had insurance or did not have insurance in Korea. Okay. So the statements by the insured and by plaintiff that he was diagnosed with cancer and treated for cancer in South Korea, there's no evidence to I'd be happy to answer any questions before I turn to the second appeal. The second appeal relates to the discovery motion and the award of monetary sanctions. The magistrate judge denied the discovery motions and ordered monetary sanctions, plaintiff never filed objections in the district court and therefore forfeited his right to challenge both rulings on appeal. On the merits, the magistrate judge concluded that there was no substantial justification for the discovery motions. The defendants served verified discovery responses. These are the non-insurer defendants, the three SAGICOR affiliates that are not the insurance company. They served verified responses stating that they were not insurers and that they had no information responsive to the questions about the life insurance policy. There's no, there's nothing more they can say other than we don't know and then provide verified responses. There's no clear error in the magistrate judge's ruling. The ruling was correct. And with respect to the opportunity to be heard on monetary sanctions, plaintiff cites no authority that he's entitled to a separate hearing on that. It's a discovery motion. The court is required to order monetary sanctions if it determines that there's no substantial justification for the motion. So the plaintiff had an opportunity to establish a substantial justification. He didn't do that. The court properly awarded sanctions. And in any event, plaintiff forfeited the right to challenge that award by failing to file objections in the district court. And I'm happy to answer any questions on the second appeal as well. Thank you. Thank you. Thank you, your honors. Okay. Yes, I'm John from Revival. Oh, yes, your honor. So, unlike how Mr. Ginsberg spoke, South Korean medical records has different person's name, different birth date, different social security number. And then they are talking about the Loma Linda medical record is essential. But Loma Linda medical records talks about the South Korean medical records. And this South Korean medical record has different person's name. And then Mr. Ginsberg stated that the declaration of the person listed in the South Korean medical record should be sustained. And the court correctly sustained the declaration, but that's not. The main issue for this case was whether there was cancer treatment before my dad signed the insurance or not. So if there is any dispute regarding whether this cancer treatment, whether it puts my dad or somebody else, then there is a genuine material dispute of fact, which court should have denied the motion for summary judgment. The court didn't do so. And also I and my brother, we are only family members of my family, my father. So we know it's our personal knowledge. It's not conclusory. We know that he didn't receive any medical treatments in South Korea. And the court didn't consider as our, uh, didn't found that that's lack of foundation, which is not. That's our personal knowledge. We know we communicate. I talked to my father. My brother talked to my father. We know that he didn't receive any medical treatment. If we collapse in South Korea, he couldn't be an airplane. He couldn't come to United States. He should have gone to the hospital directly, but he didn't. He was healthy, man. He was 54 by the time when he would die. But at first time when he got diagnosed, he was, he was, he was completely fine. So these are just, just a lot of dispute. I mean, I can't really believe this actually that, uh, this is South Korea medical under a different person's name is actually my father. I mean, my father has no backgrounds or when you government agency, he cannot use somebody's identity to get medical treatment in South Korea. Why would they do so? If he does in United States, he could get free medical treatments. If he does in Korea under different person's name, that that's criminal in Korea, of course that's criminal here too. So there is no reason for me to, my father to, uh, to use somebody, somebody's identity to get South Korean medical record. And I know that he's not capable of doing so. He, he, yeah, he's not the person that there in my, in my, in my, in my personal life, he was my father. Like I know him and my brother knows him. So that's why the court have to consider this South Korean medical record, which is essential in this case with a different person. That's what they're relying on. They are saying that the insurance company is saying that my father received medical treatment in South Korea under a different person's name and different birth date, different social security number. But my father, he didn't get it. So that's why we file appeal. This is not fair. Court should have, and this give us a chance to fight at the time of trial, not a demotion for someone's judgment granting. That's why we filed appeal, Your Honor. Okay. Thank you. And I think, I think that's it. I don't see any questions. So, um, is that, uh, we thank you for your arguments this afternoon and, uh, the matter is submitted at this time. Thank you both. Thank you, Your Honor.
judges: Paez, Gleason, Vandyke